UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAVIER ECHEVERRI,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

CIVIL ACTION NO.
3:06cv1831 (SRU)

## RULING and ORDER

On June 10, 2004, Javier Echeverri pled guilty to one count of conspiracy to possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(i). On March 31, 2005, I sentenced Echeverri principally to 97 months' imprisonment.[1] Echeverri filed a timely notice of appeal on April 7, 2005, arguing that I erred in determining that one kilogram of heroin was attributable to him because, although he agreed to sell one kilogram of heroin, the amount actually delivered was only 975 grams. On March 13, 2006, the Court of Appeals issued a Summary Order, affirming the sentence and the finding that one kilogram of heroin was attributable to Echeverri. *See* Criminal Docket No. 3:03cr173(SRU), doc. #96. In October 2006, the Supreme Court denied Echeverri's petition for certiorari. On November 13, 2006, Echeverri filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. For the reasons that follow, the motion is denied.

To obtain relief under 28 U.S.C. § 2255, Echeverri must demonstrate that his sentence "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. Echeverri's papers raise seven grounds for potential constitutional error: (1) defense counsel

---

[1] The statutory mandatory minimum penalty is 120 months' imprisonment. I found Echeverri to be "safety valve" eligible, however, reducing the guideline range to 97-121 months' imprisonment. I sentenced Echeverri at the bottom of that range.

rendered ineffective assistance by failing to inform Echeverri that he could withdraw his guilty plea when counsel learned, immediately after the plea, that the amount of heroin actually delivered was 975 grams, rather than one kilogram; (2) defense counsel rendered ineffective assistance by not assuring himself that he had all investigative reports in his possession, including reports that would show the amount of drugs actually delivered; (3) defense counsel rendered ineffective assistance when, after learning that only 975 grams of heroin were delivered, he did not inform Echeverri of the difference in punishment for conspiring to distribute 975 grams rather than one kilogram of heroin; (4) defense counsel rendered ineffective assistance when he failed to request that a jury find the amount of drugs attributable to Echeverri, and instead, reported at sentencing, without consulting Echeverri, that Echeverri did not intend to withdraw his guilty plea; (5) defense counsel rendered ineffective assistance when he failed to raise the aforementioned issues on direct appeal, so that the Court of Appeals could vacate the guilty plea; (6) the prosecutor committed prosecutorial misconduct by not disclosing prior to the guilty plea that 975 grams, not one kilogram, were actually delivered; and (7) the court erred by not asking Echeverri, rather than his counsel, whether he wanted to withdraw his guilty plea.

The first five grounds hinge on the relevance of the fact that one kilogram of heroin was attributable to Echeverri, even though only 975 grams was actually delivered to the purchasers. Thus, there are really three main issues to consider: (1) ineffective assistance of counsel with respect to counsel's advice concerning the quantity of drugs attributable to Echeverri; (2) prosecutorial misconduct; and (3) whether the court erred by not asking Echeverri, rather than his lawyer, if he wanted to withdraw his guilty plea.

I.      **Ineffective Assistance of Counsel**

   A.      Legal Standard

The Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), noted that the "right to counsel plays a crucial role in the adversarial system embodied in the Sixth Amendment, since access to counsel's skill and knowledge is necessary to accord defendants the ample opportunity to meet the case of the prosecution to which they are entitled." *Id*. at 684 (internal quotations omitted). "The Sixth Amendment recognizes the right to assistance of counsel because it envisions counsel's playing a role that is critical to the ability of the adversarial system to produce just results. . . . For that reason . . . the right to counsel is the right to effective assistance of counsel." *Id*. (internal quotations omitted). "Counsel can deprive a defendant of the right to effective assistance, simply by failing to render 'reasonably competent advice.'" *Id*. (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980)).

The *Strickland* Court set forth a two-pronged analysis to determine whether a lawyer's representation was constitutionally ineffective. "[I]n order to prevail on an ineffective-assistance-of-counsel claim, a defendant must show (1) that his attorney's performance fell below an objective standard of reasonableness, and (2) that as a result he suffered prejudice. Both prongs of this test must be met." *United States v. Jones*, 455 F.3d 134, 151 (2d Cir. 2006).

In applying *Strickland*, courts must resist a natural temptation to play Monday-morning quarterback. *United States v. Ashimi*, 932 F.2d 643, 648 (7th Cir. 1991). "It is not our task to 'call the plays' as we think they should have been called." *Id*. To the contrary, courts must "evaluate the conduct from counsel's perspective at the time," *Strickland*, 466 U.S. at 689, and

"must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Id*. "Actions or omissions by counsel that might be considered sound trial strategy do not constitute ineffective assistance." *Kieser v. New York*, 56 F.3d 16, 18 (2d Cir. 1995) (per curiam) (internal quotations omitted).

      B.      <u>Whether Counsel's Performance Was Ineffective On Any Ground Raised</u>

The fact that only 975 grams of heroin, rather than one kilogram, were actually delivered to the purchasers is not relevant to Echeverri's guilty plea because he was charged with and pled guilty to conspiracy to possess with intent to distribute one kilogram or more of heroin. The crime of conspiracy punishes agreements to commit crimes, not the commission of crimes themselves.

To prove a narcotics conspiracy in violation of 21 U.S.C. §§ 846 and 841, the government must establish two essential elements: (1) that the conspiracy alleged in the indictment existed, and (2) that the defendant knowingly joined and participated in it. *See United States v. Jones*, 30 F.3d 276, 281-82 (2d Cir. 1994). The government "need not prove the commission of any overt acts in furtherance of the conspiracy." *United States v. Shabani*, 513 U.S. 10, 15 (1994).

"The essence of conspiracy is *the agreement and not the commission* of the substantive offense." *United States v. Gore*, 154 F.3d 34, 40 (2d Cir. 1998) (emphasis supplied). "As a matter of law, the crime of conspiracy must involve the agreement of two or more persons to commit a criminal act or acts since the act of agreeing is a group act, unless at least two people commit it, no one does." *Id.* (internal quotations marks omitted).

At his change of plea, Echeverri admitted that he agreed to distribute one kilogram of heroin. Echeverri told Miguel Nunez he would provide him with one kilogram of heroin. He

arranged for Nunez and Gary Baez to pick up one kilogram of heroin from "Vanessa" in exchange for $58,000, a price consistent with a sale of one kilogram of heroin. Thus, the conspiracy crime was complete when Echeverri agreed to sell one kilogram; it is largely irrelevant how much heroin was actually delivered.[2]

Therefore, assuming, without deciding, that Echeverri's counsel took no action whatsoever with respect to the quantity issue, and that such inaction fell below objective standards of reasonableness, Echeverri did not suffer any prejudice because there was sufficient evidence that he agreed to distribute one kilogram of heroin. Thus, no matter what counsel or Echeverri did with respect to his guilty plea and the information concerning quantity, Echeverri would have been responsible for one kilogram of heroin, and therefore he suffered no prejudice on any of the first five grounds raised.

## II. Prosecutorial Misconduct

In order to make a claim for a *Brady* violation, a petitioner must show: (1) that the government suppressed evidence; (2) the evidence is favorable to the petitioner; and (3) the failure to disclose the evidence resulted in prejudice. *United States v. Coppa*, 267 F.3d 132, 140 (2d Cir. 2001).

That claim fails for the same reason as the ineffective assistance of counsel claims. Even assuming that the government suppressed evidence favorable to Echeverri, that suppression did not result in prejudice. Prejudice occurs when the non-disclosure "was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict."

---

[2] The Second Circuit already ruled by summary order that the amount delivered did not "more accurately reflect the scale of the offense" for Sentencing Guidelines purposes. *See* Criminal Docket No. 3:03cr173(SRU), doc. #96 at 3.

*Strickler v. Greene*, 527 U.S. 263, 281 (1999). Here, there is almost no probability that the suppressed evidence would have produced a different outcome because the suppressed evidence has no relevance to the question whether there was sufficient evidence to support a guilty conviction on the charged conspiracy. Having failed to demonstrate prejudice, the prosecutorial misconduct claim fails.

### III. Failure of Court to Inquire Whether Echeverri Wanted to Withdraw His Plea

Rule 32 of the Federal Rules of Criminal Procedure provides that a district court may allow a defendant to withdraw his guilty plea for any "fair and just reason." "A defendant has no absolute right to withdraw his plea of guilty . . . . Instead, the defendant bears the burden of showing that relief should be granted." *United States v. Hirsch*, 239 F.3d 221, 225 (2d Cir. 2001).

Echeverri has not demonstrated that he should have been allowed to withdraw his guilty plea. There was sufficient evidence that Echeverri agreed to distribute one kilogram of heroin; thus, the evidence regarding the quantity that was actually delivered has no bearing upon what Echeverri agreed to do. Moreover, I did inquire of Echeverri's defense counsel whether Echeverri wanted to withdraw his guilty plea. That I did not ask Echeverri himself is not a constitutional violation where, as here, Echeverri has not even shown that there is a fair and just reason to permit him to withdraw his plea.

## IV. Conclusion

For the foregoing reasons, Echeverri's Motion to Vacate, Set Aside, or Correct (**doc. # 1**) is **DENIED**. The clerk shall close this file. Echeverri has not made a substantial showing of the denial of a constitutional right; thus a certificate of appealability will not issue.

It is so ordered.

Dated at Bridgeport, Connecticut, this 5th day of July 2007.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge